UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROY MCNAMEE,                     )
      Plaintiff,                 )
                                 )
            v.                   )      C.A. No. 14-12141-MLW
                                 )
PETER A. COOK, ET AL.,           )
      Defendants.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                        March 30, 2016

      This case, alleging violations of the Employment Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1101 et seq., is

brought by plaintiff Roy McNamee against: defendant Peter Cook,

individually   and   as   Trustee,   Plan   Committee,   and   Plan

Administrator for the Cook & Co, Inc. Employee Stock Ownership

Plan (the "ESOP"); Cook & Co., Inc. as Plan Administrator of the

ESOP; the ESOP itself; and Cook & Company Insurance Services, Inc.

(collectively   the   "Cook   Defendants").     McNamee   also   seeks

declaratory judgments against the ESOP and all of the ESOP

participants individually concerning their rights to assert

certain claims against him for violations of the Massachusetts

Consumer Protection Act, M.G.L. c. 93A, and for breaches of

fiduciary duty.

      In a March 16, 2015 Order, the court denied the defendants'

motion to dismiss.   The Cook Defendants' answer was, therefore,

due March 30, 2015.   See Fed. R. Civ. P. 12(a)(4)(A).   They did

not file an answer.  On April 6, 2015, McNamee filed a request for notice of default against the Cook Defendants pursuant to Federal Rule of Civil Procedure 55(a).  Default entered on April 21, 2015.

On April 22, 2015, McNamee moved for a default judgment to enter against the Cook Defendants pursuant to Federal Rule of Civil Procedure 55(b).  On May 4, 2015, the Cook Defendants filed an opposition to the request for default judgment, a supporting memorandum (the "Defendants' Memorandum"), and affidavits.  They also attached an Answer to their opposition.  On May 11, 2015, McNamee requested leave to file a reply brief in support of the Motion for Default Judgment, which the court allowed.  No reply has been filed.

The court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).  The First Circuit has stated that in deciding whether there is "good cause" to vacate a default:

> [C]ourts may consider a host of relevant factors.  The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.  But that is not an exclusive list and courts may consider other relevant factors, including (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; (7) the timing of the motion to set aside the entry of default.  Ultimately, the burden of demonstrating good cause lies with the party seeking to set aside the default.

Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).  An opposition to a motion for default judgment is

2

generally construed as a motion to set aside entry of default. See 10A Wright & Miller, Federal Practice & Procedure § 2692 (3d ed.).

The Cook Defendants have met their burden of demonstrating "good cause" to set aside the entry of default. The default was not willful. Rather, the Cook Defendants' memorandum opposing the Motion for Default Judgment states that defense counsel was "simply neglectful of the imposition of the answer deadline after the denial of the motion to dismiss." Defendants' Memorandum at 6.

In addition, McNamee was not prejudiced by the approximately five-week delay in the filing of the Answer. Indeed, McNamee does not claim to have suffered any prejudice from this delay. Rather, McNamee's counsel states that on April 21, 2016 he offered to assent to an extension of the time to file the Answer on certain conditions. See Declaration of Charles A. Cook ¶13. The Cook Defendants represent that the negotiations to extend the time for filing the Answer began on April 16, 2015, just 17 days after the deadline. See Affidavit of Bart Heemskerk ¶¶2-4.

The Cook Defendants also have a potentially meritorious defense to McNamee's claims. "Establishing the existence of a meritorious defense is not a particularly arduous task. A party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." Indigo, 597 F.3d at 4. Here, one of McNamee's major contentions

3

is that the defendants did not have company stock held by the ESOP independently valued.  However, the Cook Defendants have submitted affidavits stating that the ESOP did obtain independent appraisals of the stock.  See Affidavit of Carla Neal Klingler ¶6; Affidavit of Kevin Jennings ¶3.  These affidavits "plausibly suggest" that the Cook Defendants may be able to prove facts which refute the allegation that they did not properly value the ESOP shares.

The other Indigo factors also favor removing the default. The Cook Defendants acted promptly and in good faith to rectify an error by their counsel.  No witnesses or other evidence has been lost during the brief delay in the filing of the Answer.  It is generally desirable that disputes be decided on their merits and that principle applies in this case.

Therefore, the court finds there is good cause to vacate the default against the Cook Defendants.

In view of the foregoing, it is hereby ORDERED that:

1.    Plaintiff's Motion for Default Judgment (Docket No. 36) is DENIED.

2.    The default entered against the Cook Defendants (Docket No. 34) is VACATED.

3.    The Answer attached to the Cook Defendants' Opposition to the Motion for Default Judgment (Docket No. 46-1) shall be entered on the docket as the Cook Defendants' Answer to the Amended Complaint.

4.    This case is REFERRED to the Magistrate Judge for pre-trial proceedings.

UNITED STATES DISTRICT JUDGE